UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRIAN WAYNE BURNS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:12CV115 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is movant's "Application for Leave to File a Second or Successive Habeas Corpus Petition - 18 U.S.C. § 2244(b) - by a Prisoner in State Custody" [Doc. #1]. Movant is an inmate at the Federal Correctional Institution in Terre Haute, Indiana. For the reasons set forth below, the Court will grant movant thirty (30) days from the date of this Order either to withdraw the instant application or to consent to the Court's reclassification of the application as a motion for habeas corpus relief under 28 U.S.C. § 2255.

**Background**

On January 9, 2007, movant pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). *See United States v. Burns*, No. 1:06-CR-136-HEA (E.D. Mo.). On July 10, 2007, movant was sentenced to 110 months' imprisonment and

four years of supervised release. Movant did not file a direct appeal. To date, movant has not filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.[1]

**Movant's Application to File a Successive Habeas Petition**

In the instant application, movant appears to be challenging his conviction and sentence on the grounds that a special DEA agent submitted a false affidavit, and the government lied under oath relative its confidential informants.

**Discussion**

Before reclassifying the instant application as a § 2255 habeas corpus action, this Court must afford movant the opportunity either to withdraw the "Application for Leave to File a Second or Successive Habeas Corpus Petition - 18 U.S.C. § 2244(b) - by a Prisoner in State Custody" or to consent to the Court's reclassification of the application as a motion brought under 28 U.S.C. § 2255. *See Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would

---

[1] It is unclear to the Court why movant filed an "Application for Leave to File a Second or Successive Habeas Corpus Petition - 18 U.S.C. § 2244(b) - by a Prisoner in State Custody," when the Court's records show he has not previously filed a federal habeas corpus motion.

2

simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive movant of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2255, movant's subsequent filing of a § 2255 motion could be dismissed as second or successive.[2] *Cf. Morales*, 304 F.3d at 765. Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer movant an opportunity either to withdraw his "Application for Leave to File a Second or Successive Habeas Corpus Petition - 18 U.S.C. § 2244(b) - by a Prisoner in State Custody" [Doc. #1] or to consent to the Court's reclassification of the application as a motion brought for habeas corpus relief under 28 U.S.C. § 2255.

In accordance with the foregoing,

---

[2] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

**IT IS HEREBY ORDERED** that movant shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant "Application for Leave to File a Second or Successive Habeas Corpus Petition - 18 U.S.C. § 2244(b) - by a Prisoner in State Custody" [Doc. #1] or to consent to the Court's reclassification of the application as a motion for habeas corpus relief brought under 28 U.S.C. § 2255. Movant shall advise the Court of his choice, in writing.

Dated this 23rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE